HECKER et al., Appellees,

v.

WHITE et al., Appellants.

[Cite as *Hecker v. White* (1996), 116 Ohio App.3d 380.]

Court of Appeals of Ohio,
Eleventh District, Trumbull County.

No. 96–T–5406.

Decided Dec. 23, 1996.

*Robert S. Hartford, Jr.*, for appellants.

*Mark B. Cohn* and *Jeffrey A. Huth*, for appellees.

EDWARD J. MAHONEY, Judge.

This is an appeal from a declaratory judgment of the Trumbull County Court of Common Pleas that appellants, Trumbull Memorial Hospital ("Hospital") and some of its officers and members, may not allow members to vote by proxy to amend the Hospital's articles of incorporation and that the amendment at issue required at least a two-thirds vote of the membership. We affirm.

The Hospital is a nonprofit corporation organized under Ohio's Nonprofit Corporation Law, R.C. Chapter 1702. Its day-to-day affairs are conducted by a board of trustees, consisting of fifteen trustees elected by the members of the Hospital. There are approximately four hundred seventy members of the Hospital, consisting of the board of trustees and various other community and civic leaders within the Trumbull County community.

In the latter part of 1995, the board of trustees decided to recommend that the members adopt certain changes to the Hospital's articles of incorporation and regulations. On October 11, 1995, the board of trustees sent notice to the members of a special meeting to be held on October 31, 1995. The stated

purpose of the meeting was to vote on the amendments that, among other things, would have terminated all members of the Hospital except for the individual trustees. Thus, if the amendments were approved, the fifteen members of the board of trustees would serve as the only members of the Hospital with sole authority to elect their successors. Along with the notice of the meeting, the board solicited proxies from the members in support of the proposed amendments.

On October 24, 1995, a group of citizens identified as "Concerned Citizens of Warren" began to solicit proxy votes against the proposed amendments. As of October 31, 1995, however, the board of trustees had received two hundred seventy-eight signed proxy votes, of which two hundred fifty-six were in favor of the proposed amendments.

On October 30, Englebert Hecker, M.D., and Guy R. Musser, M.D., two members of the Hospital and participants in Concerned Citizens of Warren, filed this action against appellants. Their complaint sought, *inter alia*, a declaration that proxy voting on the proposed amendments was impermissible under the Hospital's governing documents and that the proposed amendment eliminating four hundred fifty-five memberships of the Hospital required a two-thirds majority for passage. On October 31, 1995, the Trumbull County Court of Common Pleas issued a temporary restraining order enjoining the special meeting scheduled for that date.

Following a hearing, the trial court determined that the Hospital "may not permit voting by proxy on amendments to the Articles of Incorporation," and that "Article III, Section 2 of the Articles of Incorporation requires a two-thirds vote by the membership wherein the status of members will be terminated, either individually or collectively."

From this judgment appellants filed a timely notice of appeal and assert the following as error:

"1. The trial court erred when it ruled that the Hospital may not permit the members of the corporation to vote by proxy on proposed amendments to the articles of incorporation.

"2. The trial court erred when it ruled that Article III, Section 2 of the articles of incorporation requires a two-thirds vote of membership to amend the articles of incorporation wherein the status of members will be terminated, either individually or collectively."

In their first assignment of error, appellants argue that the trial court erred when it ruled that the members of the corporation were not allowed to vote by proxy on the proposed amendments to the Hospital's articles of incorporation.

■ Ohio's Nonprofit Corporation Law provides that "[u]nless the articles [of incorporation] or the regulations otherwise provide, no member who is a natural person shall vote or act by proxy." R.C. 1702.20. The Hospital's articles of incorporation are silent as to the voting rights of its members. The only mention of a right to vote by proxy appears in Article X of the Hospital's regulations, which provides as follows:

"The *Amended Regulations* of the Corporation and the Board of Trustees may be amended by an affirmative vote of a majority of the members present in person *or by proxy* at the annual meeting or any special meeting of the Corporation, provided a full presentation of such proposed amendments shall have been published in the notice calling the meeting." (Emphasis added.)

Thus, while Article X allows proxy voting as to amendments to the Hospital's regulations, no similar provision exists to allow proxy voting as to amendments to the Hospital's articles of incorporation. Therefore, because the articles of incorporation and regulations fail to provide otherwise, the prohibition of proxy voting set forth in R.C. 1702.02 controls.

Although appellants argue that such a right to vote by proxy can be inferred by a joint reading of the regulations pertaining to members' voting rights and the definition of a "quorum," we are unpersuaded by their argument. The regulations at issue do not arguably address even the right to vote by proxy on amendments to the Hospital's articles of incorporation. Therefore, the first assignment is overruled.

In their second assignment of error, appellants contend that the trial court erred when it determined that a supermajority was required to pass the amendment to terminate all memberships except the fifteen members on the board of trustees.

■ R.C. 1702.38(C) permits a nonprofit corporation to change any provision of its articles of incorporation upon the vote of a majority of the members unless articles of incorporation or regulations require a greater percentage or number for passage. Article III, Section 2 of the Hospital's articles of incorporation requires two-thirds majority to terminate membership in the Hospital:

"Membership in the Corporation shall terminate upon death, written resignation filed with the secretary, or upon the affirmative vote of two-thirds of the members present at any annual or special meeting of members of the Corporation called for such purpose."

Despite appellants' insistence to the contrary, this provision is clearly applicable to the situation at hand. The amendment proposed by the board of trustees would terminate approximately four hundred fifty-five memberships in the corporation. Although the members who drafted the articles of incorporation may not

have foreseen this specific situation, they clearly afforded membership status a sufficient level of protection so that it could not be taken away by the will of a simple majority. This protection applies to the termination of membership, whether it is a single membership sought to be eliminated or several. Therefore, the trial court did not err in finding that a two-thirds majority is required to terminate approximately four hundred fifty-five memberships in the Hospital. The second assignment of error is overruled.

The judgment of the trial court is affirmed.

*Judgment affirmed.*

JOSEPH E. MAHONEY, P.J., and NADER, J., concur.

EDWARD J. MAHONEY, J., retired, of the Ninth Appellate District, sitting by assignment.